IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DENNIS J. BOLOGNA, d/b/a** )<br>**BAUMAN'S PLUMBING & HEATING,** )<br>    **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> **CITY OF ST. MARY'S, et al.,** ) <br>    **Defendants.** ) | **C.A. No. 09-32 Erie**<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 13] be granted and the instant civil rights action be dismissed for Plaintiff's failure to prosecute, pursuant to Fed.R.Civ.P. 25(a).

**II    REPORT**

Plaintiff Dennis J. Bologna, d/b/a Bauman's Plumbing & Heating originally filed this civil rights action in the Court of Common Pleas for Elk County, Pennsylvania, on or about October 28, 2008. (See Document # 13, Exhibit 2 at p. 2). The action was subsequently removed to this Court on February 13, 2009, pursuant to a Notice of Removal filed by Defendants. [Document # 1]. On August 11, 2009, Defendants' filed a Statement Noting a Party's Death advising the Court that Plaintiff died on May 10, 2009. [Document # 11].

According to Rule 25(a), a motion for substitution of a deceased party must be made "by any party or by the decedent's successor or representative" within ninety (90) days after service of a statement noting the party's death. In the event such a motion is not made within such time, "the action by or against the decedent must be dismissed." Fed.R.Civ.P. 25(a)(1).

Defendants have filed a motion to dismiss this action under Rule 25(a), certifying that a statement noting Plaintiff's death was served by Defendants' counsel upon Plaintiff's next of

kin on or about October 14, 2009. [Document # 13].  More than ninety days have now passed since service of the statement and no motion for substitution has been filed by or on behalf of Plaintiff's successor(s) or representative(s).  As a result, this action must be dismissed for failure to prosecute, pursuant to Rule 25(a)(1).

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 13] be granted and that the instant civil rights action be dismissed for Plaintiff's failure to prosecute, pursuant to Fed.R.Civ.P. 25(a).

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of some appellate rights.  See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 24, 2010

cc:     The Honorable Sean J. McLaughlin
        United States District Judge